# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ruben Castillo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 6055 | **DATE** | 2/5/2003 |
| **CASE TITLE** | Lambs Farm International Inc. vs. Northern Insurance Co. of New York | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
      ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendant's motion to dismiss for lack of subject matter jurisdiction [5-1] is granted. Plaintiff is free to refile this litigation in state court. This case is hereby dismissed with prejudice.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 3 number of notices | **Document Number** |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | FEB 0 6 2003 date docketed | |
| | Notified counsel by telephone. | | | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | FEB 0 6 2003 | |
| | Copy to judge/magistrate judge. | | FEB 0 6 2003 date mailed notice | |
| | RO | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **LAMBS FARM INTERNATIONAL, INC.,** | )<br>) |
| **Plaintiff,** | )<br>) |
| | ) No. 02 C 6055 |
| v. | )<br>) Judge Ruben Castillo |
| **NORTHERN INSURANCE COMPANY OF NEW YORK,** | )<br>)<br>) |
| **Defendant.** | ) |

**DOCKETED**

**FEB 0 6 2003**

## MEMORANDUM OPINION AND ORDER

Plaintiff Lambs Farm International, Inc. ("Lambs Farm") sued Northern Insurance Company of New York ("Northern") for breach of contract arising out of Northern's alleged failure to pay property insurance claims stemming from water damage at the Lambs Farms' facility. Northern moved to dismiss under Federal Rule of Civil Procedure 12(b)(1) on the grounds that complete diversity jurisdiction is lacking because both parties are citizens of Illinois. After thoroughly reviewing the parties' briefs and submissions, we reluctantly must grant Northern's motion and dismiss the case. (R. 5-1.)

## RELEVANT FACTS

Lambs Farm is an Illinois non-profit corporation with its principal place of business in Libertyville, Illinois. (R. 1, Compl. ¶ 3.) Northern, a wholly-owned subsidiary of the Maryland Casualty Company, is a New York corporation with offices in several states including Maryland and Illinois. (*Id.* at ¶ 4.) Maryland Casualty in turn is a subsidiary of Zurich American Insurance Company ("Zurich"). Northern is a member of the Zurich insurance pool and is funded through that pooling agreement. Northern asserts that because of this arrangement with Zurich, Northern



has no employees, offices, addresses or telephone numbers or bank accounts separate from Zurich in Illinois.

Lambs Farm operated a dormitory for adults with developmental disabilities and an office building. In October 2001, the building sustained water and subsequent mold damage due to large, unexpected rainfall. (*Id.* at ¶ 9.) Lambs Farm filed a claim under its property insurance policy, but Northern refused to pay the claim. (*Id.* at ¶ 23.)

In its complaint, Lambs Farm alleged that Northern was a New York corporation with its principal place of business in Baltimore, Maryland. Northern asserts in its motion to dismiss, however, that its principal place of business is Schaumburg, Illinois. Because Plaintiff is also a citizen of Illinois, Northern argues that this Court must dismiss the action for lack of complete diversity. *See* Fed. R. Civ. P. 12(b)(1). The parties submitted affidavits supporting their respective arguments concerning Northern's true principal place of business, but the information supplied was insufficient to determine whether Northern's principal place of business was in Illinois or Maryland. This Court, therefore, ordered additional briefing and discovery in order to finally decide the jurisdictional issue. For the following reasons we believe that Lambs Farm cannot meet its burden of showing that Northern's principal place of business lies outside of Illinois and that, therefore, dismissal for lack of subject matter jurisdiction is appropriate in this case.

## LEGAL STANDARDS

Rule 12(b)(1) provides for dismissal of claims over which the federal court lacks subject matter jurisdiction. In reviewing a 12(b)(1) motion to dismiss, we may look beyond the complaint and view any extraneous evidence submitted by the parties to determine whether

subject matter jurisdiction exists. *See United Transp. Union v. Gateway Western Ry. Co.*, 78 F.3d 1208, 1210 (7th Cir. 1996); *Minataur Promotions Enters., Ltd. v. Drizin*, No. 94 C 570, 1994 WL 110472, *2 (N.D. Ill. Mar. 30, 1994). Lambs Farm, as the party asserting federal jurisdiction in this case, bears the burden of establishing that the prerequisites of federal diversity jurisdiction have been satisfied. *See Minataur*, 1994 WL 110472 at *2.

## ANALYSIS

This Court has jurisdiction under 28 U.S.C. § 1332(a) when the amount in controversy exceeds $75,000 and where the parties have diverse citizenship. Under § 1332, corporations are citizens of their incorporation state as well as the state in which they maintain their principal place of business. 28 U.S.C. § 1332(c)(1).

This circuit follows the "nerve center test" for determining the principal place of business of corporate parties in a federal diversity suit. *Wisconsin Knife Works v. Nat'l Metal Crafters*, 781 F.2d 1280, 1282 (7th Cir. 1986). In *Wisconsin Knife* the Seventh Circuit adopted a "simple" test based on its belief that jurisdiction should be "readily determinable." But the court acknowledged that "[t]here are cases . . . where the nominal headquarters isn't really the directing intelligence of the corporation, and those cases could give trouble even under a simple 'nerve center' test." *Wis. Knife*, 781 F.2d at 1282-83. This test first looks to a corporation's headquarters or executive center as its principal place of business for purposes of § 1332. If the corporation's headquarters is not easily ascertained, however, courts have applied other factors in order to determine a party's principal place of business. These factors include: (1) where important decisions are made; (2) where the corporation's general counsel, directors, officers and shareholders are located; (3) where the corporation is funded; and (4) where the corporation's

3

primary bank account exists. *Maple Leaf Bakery v. Raychem Corp.*, No. 99 C 6948, 1999 WL 1101326, *2 (N.D. Ill. Nov. 29, 1999); *Chamberlain Mfg. Corp. v. Maremont Corp.*, 82 F. Supp. 589, 592 (N.D. Ill. Aug. 13, 1993). This list, however, is not exhaustive and no single factor is determinative. *Minataur*, 1994 WL 110472, at *2.

The parties dispute whether Northern's corporate headquarters are located in Illinois or Maryland. Lambs Farm asserted in its complaint that Defendant's principal place of business is Baltimore, Maryland because: (1) the 2001 edition of Best's Insurance Reports lists Northern's address and telephone number in Baltimore; (2) Dun & Bradstreet lists Northern at the same Baltimore address and telephone number; and (3) two of Lambs Farm's other insurance claims are handled by Northern's Baltimore office. But Northern's motion to dismiss asserted that its principal place of business has been in Illinois since July 1999 when it relocated all its financial and administrative records to its Schaumburg office. These conflicting factual submissions did little to answer the question of Northern's principal place of business, so we ordered Northern to answer discovery and the parties to submit supplemental briefing to decide the question. Unfortunately, our inquiry remains clouded by a perhaps intentionally complex corporate structure that allows Northern to insist that its principal place of business is in Schaumburg, Illinois, but simultaneously assert that as a member of Zurich it has no employees, offices, address, telephone numbers or bank accounts in Illinois independent of Zurich.[1] Northern also admits that: (1) that more than half of its directors maintain offices outside Illinois; and (2) it has

---

[1] Zurich's principal place of business is in Illinois, so even if we were to pierce the corporate veil and impute Zurich's principal place of business to Northern, we would nevertheless be required to grant Northern's Rule 12(B)(1) motion to dismiss.

represented to other courts since July 1999 that its principal place of business was in another state.

Despite these admissions, which support a finding that Northern has significant ties to other states, Lambs Farm cannot meet its burden of showing that Northern's principal place of business lies outside of Illinois. Applying the "nerve center" factors demonstrates that Northern's principal place of business is in Illinois. Northern swears that its corporate headquarters and main administrative office are located in Schaumburg and have been since July 1999. (R. 12, Def.'s Supp. Br., Ex. A, Bowers Aff. ¶ 3.) Corporate decisions are made from this office. (*Id.* at ¶ 6.) Additionally, most of its officers and directors, as well as its general counsel, maintain offices in Illinois. (*Id.* at ¶¶ 7, 13-14.) Furthermore, Northern's tax returns are prepared in Illinois. Finally, Northern asserts that it is funded through a pooling agreement with Zurich, which operates from a bank account in Illinois. (R. 12, Def.'s Supp. Br., Ex. A, Bowers Aff. ¶ 8.) On balance the factors weigh in favor of finding that Northern's principal place of business is in Illinois.

## CONCLUSION

For the foregoing reasons we grant Northern's motion to dismiss for lack of subject matter jurisdiction. (R. 5-1.) Lambs Farm, of course, remains free to refile this litigation in state court. Once again, the parties are urged to settle this dispute without incurring further unnecessary legal expenses.

Judge Ruben Castillo
**United States District Court**

**Dated: February 5, 2003**